THERESE S. HARRIS (SBN 246711)
Of Counsel
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles, CA  93446
Telephone: (805) 369-2053
Facsimile: (805) 715-7824
Email: tharris@tharrislawoffice.com

Attorney for Plaintiff, BERNADETTE ATIENZA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE ATIENZA, an individual, | CASE NO: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | DEMAND FOR A JURY TRIAL |
| GLOBAL CREDIT & COLLECTION CORPORATION, | |
| Defendant. | |

Plaintiff BERNADETTE ATIENZA ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant GLOBAL CREDIT & COLLECTION CORPORATION (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION

1.      Plaintiff brings this action on her own behalf for damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act (hereinafter "FDCPA") and Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 et seq. (hereinafter

1    "RFDCPA" which prohibit debt collectors from engaging in abusive, deceptive and

2    unfair practices.

3        2.    According to 15 U.S.C. §1692:

4            a.    There is abundant evidence of the use of abusive, deceptive, and

5    unfair debt collection practices by many debt collectors.  Abusive debt collection

6    practices contribute to the number of personal bankruptcies, to marital instability, to

7    the loss of jobs, and to invasions of individual privacy.

8            b.    Existing laws and procedures for redressing these injuries are

9    inadequate to protect consumers.

10           c.    Means other than misrepresentation or other abusive debt

11   collection practices are available for the effective collection of debts.

12           d.    Abusive debt collection practices are carried on to a substantial

13   extent in interstate commerce and through means and instrumentalities of such

14   commerce.  Even where abusive debt collection practices are purely intrastate in

15   character, they nevertheless directly affect interstate commerce.

16           e.    It is the purpose of this title to eliminate abusive debt collection

17   practices by debt collectors, to insure that those debt collectors who refrain from using

18   abusive debt collection practices are not competitively disadvantaged, and to promote

19   consistent State action to protect consumers against debt collection abuses.

20       3.    The California Legislature has found that: The banking and credit system

21   and grantors of credit to consumers are dependent upon the collection of just and

22   owing debts.  Unfair or deceptive collection practices undermine the public confidence

23   which is essential to the continued functioning of the banking and credit system and

24   sound extensions of credit to consumers.

25                              **PARTIES**

26       4.    Plaintiff BERNADETTE ATIENZA (hereinafter "Plaintiff"), is a natural

27   person residing in Los Angeles County, State of California.  Plaintiff is a "consumer"

28   within the meaning of 15 U.S.C. §1692a(3) and a "debtor" within the meaning of

1   Cal. Civil Code §1788.2(h).

2          5.      Defendant GLOBAL CREDIT & COLLECTION CORPORATION

3   (hereinafter "GLOBAL CREDIT"), is a foreign corporation engaged in the business of

4   debt collection with an office at 300 International Drive, Postal Mailbox 10015, Suite

5   100, Williamsville, New York, 14221.  The principal purpose of GLOBAL CREDIT is the

6   collection of debts using the mails and telephone, and GLOBAL CREDIT regularly

7   attempts to collect debts alleged to be due another.  GLOBAL CREDIT is a "debt

8   collector" within the meaning of 15 U.S.C. §1692a(6) and Cal. Civil Code §1788.2(c).

9                                      **JURISDICTION**

10          6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331,

11   as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has

12   pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C.

13   §1367(a).

14          7.      This action arises out of Defendants' violations of the Fair Debt Collection

15   Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

16                                         **VENUE**

17          8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in

18   that a substantial part of the events or omissions giving rise to the claim occurred in

19   this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C.

20   §1692k(d), in that Defendants transact business in this judicial district and the

21   violations of the FDCPA complained of occurred in this judicial district.

22                                **FACTUAL ALLEGATIONS**

23          9.      Plaintiff incurred a financial obligation, namely a consumer credit

24   account.  The debt was incurred primarily for personal, family or household purposes

25   as is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and a "consumer

26   debt" as that term is defined by Cal. Civil Code §1788.2(f).

27          10.     Plaintiff is informed and believes, and thereon alleges, that sometime

28   thereafter on date unknown to Plaintiff, the debt was consigned, placed or otherwise

transferred to Defendants for collection from Plaintiff. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on December 17, 2015 by placing a telephone call and leaving a voice message on the Plaintiff's telephone number (209) 264-2153.

12. Defendant's message was spoken by a male representative who identified himself as Raymond Chen and stated that he and Defendant GLOBAL CREDIT AND COLLECTIONS were seeking Plaintiff to collect a debt.

13. The recorded greeting at the aforementioned number where Defendants left their voice message (i.e., "You have reached the Atienza family, please leave a message") explicitly states that the caller has reached a family telephone which is in use by multiple individuals in the home.

14. Accordingly, on December 17, 2015, Defendants' voice message was heard by Plaintiff's 23-year old son, Kiel Labausa, who consequently learned that a debt collector was seeking Plaintiff to collect a debt.

### FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

15. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

16. 15 USC §1692c(b) prohibits a debt collector from disclosing to unauthorized third parties that they are a debt collector attempting to collect a debt from a consumer.

17. The Defendant violated 15 USC §1692c(b) by disclosing to a third party, the Plaintiff's 23-year old son, Kiel Labausa, that Defendant was a debt collector attempting to collect an alleged debt from the Plaintiff.

18. As a result of Defendant's neglect and carelessness in leaving a telephone message on a voice mail accessible to a third party using Plaintiff's name and debt collection disclosures, Plaintiff suffered shame and embarrassment and according to 15 USC §1692k(a)(1), Defendant is liable to Plaintiff for damages sustained because of Defendant's failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA) and other violations of the FDCPA.

## SECOND CAUSE OF ACTION

### *(Violations of the RFDCPA)*

19. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

20. Plaintiff brings the second claim for relief against Defendant, GLOBAL CREDIT, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

21. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §1788.2(h).

22. Defendant, GLOBAL CREDIT, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code §1788.2(c).

23. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code §1788.2(f).

24. Defendant has violated the RFDCPA. The violations include, but are not limited to, the following:

a. Disclosing to unauthorized third parties that they are a debt collector attempting to collect a debt from a consumer, pursuant to Cal. Civil Code §1788.12(b).

25. GLOBAL CREDIT'S acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil §1788.30(b).

26.     As a result of GLOBAL CREDIT's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code §1788.30(a).

27.     As a result of GLOBAL CREDIT's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one Hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00), pursuant to Cal. Civil Code §1788.30(b).

28.     As a result of GLOBAL CREDIT's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000.00 pursuant to Cal. Civil Code §1788.17.

29.     As a result of GLOBAL CREDIT's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.

30.     Pursuant to Cal. Civil Code §1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## DEMAND FOR TRIAL BY JURY

31.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this court:

a.      Assume jurisdiction in this proceeding;

b.      Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(a)(1);

c.      Declare that GLOBAL CREDIT violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.17 and 1788.30;

| | | |
|---|---|---|
| 1 | d. | Award Plaintiff actual damages in an amount to be determined at |
| 2 | | trial, pursuant to 15 U.S.C. §1692k(a)(1) and Cal. Civil Code |
| 3 | | §1788.30(a); |
| 4 | e. | Award Plaintiff statutory damages in an amount not exceeding |
| 5 | | $1,000.00, pursuant to 15 U.S.C. §1692d(a)(2)(A); |
| 6 | f. | Award Plaintiff a statutory penalty in an amount not less than |
| 7 | | $100.00 or greater than $1,000.00, pursuant to Cal. Civil Code |
| 8 | | §1788.30(b); |
| 9 | g. | Award Plaintiff statutory damages in an amount not exceeding |
| 10 | | $1,000.00, pursuant to Cal. Civil Code §1788.17; |
| 11 | h. | Award Plaintiff the costs of this action and reasonable attorney's |
| 12 | | fees pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civil Code §§ |
| 13 | | 1788.17 and 1788.30(c); |
| 14 | i. | Award Plaintiff such other and further relief as may be just and |
| 15 | | proper. |
| 16 | | |
| 17 | Dated: April 27, 2016 | Respectfully submitted, |

Dated: April 27, 2016                    Respectfully submitted,

/s/ Therese S. Harris
THERESE S. HARRIS (SBN 246711)
Of Counsel
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles, CA  93446
Telephone: (805) 369-2053
Facsimile: (805) 715-7824
Email: tharris@tharrislawoffice.com
Attorney for Plaintiff, Bernadette Atienza

To:    GLOBAL CREDIT & COLLECTION CORPORATION

        300 International Drive,
        Postal Mailbox 10015, Suite 100
        Williamsville, NY  14221

        *(Via Prescribed Service)*

        Clerk of the Court
        Central District of California
        United States Courthouse
        312 North Spring Street
        Los Angeles, CA 90012-4701
        Telephone: (213) 894-1565

        *(Via electronic filing)*

*Atienza v. Global Credit*

COMPLAINT